# EXHIBIT 6

# EXHIBIT 6

FILED

1

2

3

4

5

6          IN THE FIFTH JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA

7                      IN AND FOR THE COUNTY OF NYE

| | |
|---|---|
| 8   Utilities Incorporated of Central Nevada, a Nevada Corporation, | Case No. CV 27399 |
| 9                                    Plaintiff, | Dept No. 1 |
| 10          vs. | |
| 11   Willow Creek Holdings, LLC, a Nevada Limited Liability Company; Aram Maissian, Inc., a Nevada Corporation; Jorei Enterprises, LLC, a California Limited Liability Company; and Ashland Capital, LLC, a Nevada limited liability company, | **ORDER HOLDING JAMES SCOTT (A/K/A JIM SCOTT), ASHLAND CAPITAL, LLC, AND CALDERA P & G IN CONTEMPT OF COURT; AND JUDGMENT** |
| 12 | |
| 13 | |
| 14 | |
| 15                                    Defendants. | |
| 16   Utilities Inc. of Central Nevada, a Nevada Corporation, | Consolidated Case: CV 28780 |
| 17                                    Plaintiff, | |
| 18          vs. | |
| 19   Ashland Capital, LLC, a Nevada Limited Liability Company; Jorei Enterprises, LLC, a California Limited Liability Company; and Mosier & Company, Inc., in its official capacity as Permanent Receiver of PEMGroup and its subsidiaries and affiliates, | |
| 20 | |
| 21 | |
| 22 | |
| 23                                    Defendants. | |
| 24   and | |
| 25   Lakeview Golf Association, Inc., a Nevada Limited Liability Corporation, | |
| 26                                    Plaintiff, | |
| 27          vs. | |
| 28   Ashland Capital, LLC, a Nevada Limited | |

LIONEL SAWYER
& COLLINS
ATTORNEYS AT LAW
1100 BANK OF AMERICA PLAZA
50 WEST LIBERTY ST.
RENO,
NEVADA 89501
(775) 788-8666

Liability Company,

                            Defendant.

### ORDER HOLDING JAMES SCOTT (A/K/A JIM SCOTT), ASHLAND CAPITAL, LLC, AND CALDERA P & G IN CONTEMPT OF COURT; AND JUDGMENT

On March 16, 2012 this Court issued its order to show cause and, pursuant to that order, on March 30, 2012 the Court held a show cause hearing regarding why this Court should not find Defendant Ashland Capital, LLC ("Ashland"), James Scott ("Scott"), and Caldera P & G ("Caldera") in contempt of court for violation of the Preliminary Injunction, filed September 11, 2009 in CV 28780. The September 11, 2009 order required Ashland's maintenance of the effluent storage ponds at the Willow Creek Golf Course in a manner to avoid organic contamination of the effluent stored therein and in compliance with the regulatory and legal requirements under Nevada law including those imposed by the Nevada Division of Water Resources under the discharge permit issued to the Willow Creek golf course. Laura Granier and Courtney Miller O'Mara appeared on behalf of UICN. Timothy Post appeared on behalf of James Scott and Caldera. No attorney appeared on behalf of Ashland; however, Mr. Scott testified to having been in control of Ashland and Caldera P & G during all times relevant to this matter.

The Court finds as follows:

A.     All orders of the Court are important, especially a preliminary injunction that is designed to prevent hazard and danger to the citizens of a community.

B.     Ashland was in control of the golf course from December 26, 2008 to October 13, 2011. Scott was the manager of that company during that time. Ashland has a continuing obligation to comply with the order and cannot avoid such obligation through transfer of the property.

C.     Caldera has controlled the golf course since October 13, 2011. Scott is the

LIONEL SAWYER
& COLLINS
ATTORNEYS AT LAW
00 BANK OF AMERICA PLAZA
50 WEST LIBERTY ST.
RENO,
NEVADA 89501
(775) 788-8666

2

1  president and the person responsible for Caldera.

2       D.    Scott operates his various companies, including Ashland and Caldera, as what

3  appears to be a shell game.

4       E.    None of Ashland, Caldera or Scott followed this Court's preliminary injunction.

5   

6       F.    Neither Scott nor the entities he controls, Ashland and Caldera, made any material

7  efforts to comply with the Court's preliminary injunction, and the problems cited in the

8  preliminary injunction continue to this day.

9       G.    The poor condition of the golf course ponds that has existed and continued under

10  Mr. Scott's and his various entities' control over the Willow Creek Golf Course presents a

11  continuing danger to the citizens of Nevada.

12      H.    The Court finds insufficient Scott's proffered excuse that he could not get a loan

13  with a lis pendens on the property.  The Court considered Mr. Scott's testimony provided at the

14  hearing and found it evasive, contentious and in material parts incredible.

15  

16      I.    It was the burden of Ashland, Caldera and Scott to demonstrate to the Court why

17  they should not be held in contempt and they have not done so.

18  **NOW, THEREFORE, AND FOR GOOD CAUSE APPEARING IT IS HEREBY**

19  **ORDERED**:

20      1.    Scott, Ashland and Caldera are all in contempt of court for failure to obey the

21  Court's preliminary injunction.

22  

23      2.    Pursuant to NRS 22.100, Scott, Ashland and Caldera are each fined $500.

24      3.    Pursuant to NRS 22.100, Scott, Ashland and Caldera are directed to make all

25  improvements necessary to bring the Willow Creek Golf Course into compliance with state and

26  local requirements, including completion of the remediation and other requirements NDEP

27  described in the December 22, 2009 letter from the Nevada Department of Environmental

28  

LIONEL SAWYER
& COLLINS
ATTORNEYS AT LAW
00 BANK OF AMERICA PLAZA
50 WEST LIBERTY ST.
RENO,
NEVADA 89501
(775) 788-8666

3

1    Protection to the then-owner of the Willow Creek Golf Course, Jorei Enterprises, LLC.  Such

2    improvements must be completed no later than Monday, July 2, 2012.

3        4.      Pursuant to NRS 22.100, Ashland, Caldera and Scott shall pay to UICN all of

4    UICN's reasonable expenses, including, without limitation, attorneys' fees incurred as a result of

5    the contempt.

6

7        5.      Pursuant to NRS 22.100, such amounts assessable against **Ashland** include

8    UICN's attorneys' fees and costs in addition to other damages UICN incurred by reason of

9    Ashland's disobedience of the preliminary injunction.  Such amounts total $255,634.97 in

10   attorneys' fees and costs incurred in this action from September 11, 2009 through the end of

11   January, 2012, $101,367.89 in attorneys' fees and costs incurred in this action from February 1,

12   2012 through trial and the contempt proceedings,[1] $41,134.42 in attorneys' fees and costs

13   incurred to defend the federal court class action, $31,084.89 in attorneys' fees and costs incurred

14   to defend the state court class action through December 31, 2011, and $87,286.32 in employee

15   time, travel and other expenses UICN  incurred after the preliminary injunction issued.  The total

16   amount of damages to UICN attributable to Ashland is $516,508.49.

17

18       6.      Pursuant to NRS 22.100, such amounts assessable against **Caldera** include all of

19   UICN's attorneys' fees and costs in addition to other damages UICN incurred by reason of

20   Caldera's disobedience of the preliminary injunction on or after October 13, 2011, when Caldera

21   became the owner of the property.  Such amounts total $22,472.24 in attorneys' fees and costs

22   incurred in this action from October 13, 2011 through the end of January, 2012, $101,367.89 in

23   attorneys' fees and costs incurred in this action from February 1, 2012 through trial and the

24   contempt proceedings,[2] $10,719.39 in attorneys' fees and costs incurred to defend the state court

25

26

27        [1] Such fees and costs for the period from February 1, 2012 through March 31, 2012 are
supported by the Declaration of Wendy Barnett filed with the Court on May 2, 2012.

28        [2] Such fees and costs for the period from February 1, 2012 through March 31, 2012 are

LIONEL SAWYER
& COLLINS
ATTORNEYS AT LAW
00 BANK OF AMERICA PLAZA
50 WEST LIBERTY ST.
RENO,
NEVADA 89501
(775) 788-8666

4

1   class action from October 13, 2011 through December 31, 2011, and $543.95 in employee time,

2   travel and other expenses UICN incurred after October 13, 2011.  The total amount of damages

3   to UICN attributable to Caldera is $135,103.47.

4          7.     Pursuant to NRS 22.100, because **James "Jim" Scott** was the person in control

5   of both Ashland and Caldera during the relevant time period, Mr. Scott personally owes UICN

6   $100,000 as damages caused by Ashland and Caldera's disobedience of the Court's preliminary

7   injunction.

8

9          SO ORDERED this __16__ day of ___May___, 2012.

10

11                                      BY THE COURT:

12

13                                      _____
                                        The Honorable Robert Rose
14                                      District Court Judge

15  Respectfully submitted by:

16  _____

17  Laura K. Granier, Esq., SBN 7357
    Courtney Miller O'Mara, Esq., SBN 10683
18  LIONEL SAWYER & COLLINS
    50 W. Liberty St., Suite 1100
19  Reno, NV 89501
    Telephone: (775) 788-8666
20  Facsimile: (775) 788-8682
    Email: lgranier@lionelsawyer.com
21         comara@lionelsawyer.com

22

23

24

25

26

27
_____
28  supported by the Declaration of Wendy Barnett filed with the Court on May 2, 2012.

LIONEL SAWYER
& COLLINS
ATTORNEYS AT LAW
00 BANK OF AMERICA PLAZA
50 WEST LIBERTY ST
RENO,
NEVADA 89501
(775) 788-8666

5

# EXHIBIT 7

# EXHIBIT 7

FILED

2012 AUG -8 P 3: 51

AMY DOWERS
NYE COUNTY CLERK
BY DEPUTY

IN THE FIFTH JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA

IN AND FOR THE COUNTY OF NYE

| | |
|---|---|
| Utilities Incorporated of Central Nevada, a Nevada Corporation,<br><br>                   Plaintiff,<br><br>    vs.<br><br>Willow Creek Holdings, LLC, a Nevada Limited Liability Company; Aram Maissian, Inc., a Nevada Corporation; Jorei Enterprises, LLC, a California Limited Liability Company; and Ashland Capital, LLC, a Nevada limited liability company,<br><br>                 Defendants. | Case No. CV 27399<br><br>Dept No. 1<br><br>**ORDER NO. 2 HOLDING JAMES SCOTT (A/K/A JIM SCOTT), ASHLAND CAPITAL, LLC, AND CALDERA P & G IN CONTEMPT OF COURT; AND JUDGMENT** |
| Utilities Inc. of Central Nevada, a Nevada Corporation,<br><br>                 Plaintiff,<br><br>    vs.<br><br>Ashland Capital, LLC, a Nevada Limited Liability Company; Jorei Enterprises, LLC, a California Limited Liability Company; and Mosier & Company, Inc., in its official capacity as Permanent Receiver of PEMGroup and its subsidiaries and affiliates,<br><br>                 Defendants.<br><br>and<br><br>Lakeview Golf Association, Inc., a Nevada Limited Liability Corporation,<br><br>                 Plaintiff,<br><br>    vs. | Consolidated Case: CV 28780 |

LIONEL SAWYER
& COLLINS
ATTORNEYS AT LAW
1100 BANK OF AMERICA PLAZA
50 WEST LIBERTY ST.
RENO,
NEVADA 89501
(775) 788-8666

1

Ashland Capital, LLC, a Nevada Limited
Liability Company,

2

Defendant.

3

4

**ORDER NO. 2 HOLDING JAMES SCOTT (A/K/A JIM SCOTT), ASHLAND CAPITAL, LLC, AND CALDERA P & G IN CONTEMPT OF COURT; AND JUDGMENT**

5

6

On March 30, 2012, this Court found JAMES SCOTT (A/K/A JIM SCOTT), ASHLAND

7

CAPITAL, LLC, AND CALDERA P & G IN CONTEMPT OF COURT and subsequently issued a

8

written Order and Judgment to that effect (the "Contempt Order"). The Contempt Order stated

9

that Defendant Ashland Capital, LLC ("Ashland"), James Scott ("Scott"), and Caldera P & G

10

("Caldera") were directed to make all improvements necessary to bring the Willow Creek Golf

11

Course into compliance with state and local requirements, including completion of the

12

remediation and other requirements NDEP described in the December 22, 2009 letter from the

13

Nevada Department of Environmental Protection to the then-owner of the Willow Creek Golf

14

Course, Jorei Enterprises, LLC. Such improvements were to be completed no later than

Monday, July 2, 2012.

15

On motion of Plaintiff Utilities, Inc. of Central Nevada ("Plaintiff" or "UICN"), this

16

Court issued its order to show cause on July 23, 2012, and, pursuant to that order, on August 2,

17

2012 the Court held a show cause hearing regarding why this Court should not find Defendant

18

Ashland, Scott, and Caldera in contempt of court for violation of the Contempt Order.

19

Laura Granier and Jordan Davis appeared on behalf of UICN. David O'Mara appeared

20

telephonically on behalf of Lakeview Golf Association, Inc. ("Lakeview"). Timothy Post

21

appeared on behalf of Scott and Caldera. No attorney appeared on behalf of Ashland; however,

22

Mr. Scott testified to having been in control of Ashland and Caldera during all times relevant to

23

this matter.

24

The Court finds as follows:

25

A.    The Court's findings in the Contempt Order issued following the March 30, 2012

26

hearing are incorporated herein.

27

28

LIONEL SAWYER
& COLLINS
ATTORNEYS AT LAW
00 BANK OF AMERICA PLAZA
50 WEST LIBERTY ST.
RENO,
NEVADA 89501
(775) 788-8666

B.      The Court finds the testimony presented by Wendy Barnett, Regional Director for

Utilities, Inc., on August 2, 2012 credible and convincing.  The Court further finds Caldera,

Scott, and Ashland in contempt for having violated this Court's ruling on March 30, 2012 and

the Contempt Order.  Based on the evidence presented the Court finds that the ponds at the

Willow Creek Golf Course have not been remediated as required by the Nevada Division of

Environmental Protection ("NDEP") and this Court's prior orders.  In fact, the ponds at issue are

in significantly worse condition now than they were in March 2012.  Defendants' refusal to

comply with the Court's order continues to present a health risk to the community.

**NOW, THEREFORE, AND FOR GOOD CAUSE APPEARING IT IS HEREBY**

**ORDERED**:

1.      Scott, Ashland and Caldera are all in contempt of court for failure to obey the

Court's Contempt Order.

2.      Pursuant to NRS 22.100, Scott, Ashland and Caldera are directed to make all

improvements necessary to bring the Willow Creek Golf Course into compliance with state and

local requirements, including completion of the remediation and other requirements NDEP

described in its letters regarding the Willow Creek Golf Course ponds in December 22, 2009 and

thereafter including NDEP's Finding of Alleged Violation.

3.      Pursuant to NRS 22.100 Mr. Scott individually and his entities Ashland and

Caldera shall be liable to ensure full payment to UICN and Lakeview of all fees and costs and

other damages incurred by UICN and Lakeview respectively as a result of Scott, Ashland and

Caldera's continuing refusal to comply with this Court's orders.

4.      UICN and Lakeview shall submit evidence to this Court of the amount of fees and

costs incurred as a result of Caldera and Scott's refusal to comply with this Court's Contempt

Order and Scott individually and his entities, Caldera and Ashland shall be responsible for

LIONEL SAWYER
& COLLINS
ATTORNEYS AT LAW
00 BANK OF AMERICA PLAZA
50 WEST LIBERTY ST.
RENO,
NEVADA 89501
(775) 788-8666

3

payment of awarded damages within ten days of the Court's entry of order granting such award.

5.    Caldera and Scott are hereby ordered to provide biweekly reports to this Court and all parties on their progress in working on remediation of the Willow Creek Golf Course ponds.

6.    Scott and Caldera shall coordinate such remediation efforts with NDEP, UICN and Lakeview to ensure that actions taken do not interfere with UICN's operation of Waste Water Treatment Plant 3 or Lakeview's continuing receipt of up to 425,000 gallons of effluent per day at Lakeview's discretion.

7.    Caldera and Scott shall submit all plans for remediation to NDEP for review and approval prior to construction.  Caldera and Scott are ordered to submit evidence of such submission to NDEP to this Court and all parties in the biweekly reports including any response from NDEP to such submissions.

8.    Within one week of receiving any required approval from NDEP for the remediation plan or notification that no formal approval is required, Caldera and Scott are ordered to hire a contractor to complete the work and provide a copy of the contract to the Court and all parties.  The construction contract for remediation of the ponds shall include a time line for the remediation ordered by this Court including delivery time for parts and any necessary permits for construction.

9.    Caldera and Scott shall ensure, consistent with the Operations Manual for the Willow Creek Golf Course Ponds signed by James Scott in July 2010, that the operating depth of the ponds will maintain a height no less than one foot above the intake.  Any depth less than one foot will cause sediment to be pulled into the intake and put into the irrigation system causing damage to the system.

10.    It is further ordered that Mr. Scott shall appear for a deposition concerning his

LIONEL SAWYER
& COLLINS
ATTORNEYS AT LAW
00 BANK OF AMERICA PLAZA
50 WEST LIBERTY ST.
RENO,
NEVADA 89501
(775) 788-8666

4

financial condition and that of his corporations within 45 days from August 2, 2012.

11.    A hearing shall be set to be conducted for at least one day in September 2012 to review Caldera and Scott's compliance with this Court's order and if evidence is not presented that satisfies the Court of Caldera and Scott's compliance with the Court's order the Court shall further sanction Mr. Scott and his entities including possible jail time.

SO ORDERED this __3__ day of ___August___, 2012.

BY THE COURT:

_____
The Honorable Robert Rose
District Court Judge

Respectfully submitted by:

_____
Laura K. Granier, Esq., SBN 7357
Courtney Miller O'Mara, Esq., SBN 10683
LIONEL SAWYER & COLLINS
50 W. Liberty St., Suite 1100
Reno, NV 89501
Telephone: (775) 788-8666
Facsimile: (775) 788-8682
Email: lgranier@lionelsawyer.com
        comara@lionelsawyer.com

LIONEL SAWYER
& COLLINS
ATTORNEYS AT LAW
00 BANK OF AMERICA PLAZA
50 WEST LIBERTY ST.
RENO,
NEVADA 89501
(775) 788-8666

5

## CERTIFICATE OF SERVICE

Pursuant to N.R.C.P. 5(b), I certify that I am an employee of Lionel Sawyer & Collins and not a party to, nor interested in, the within action; that on August 6, 2012, a true and correct copy of the foregoing document was enclosed in a sealed envelope and served to the following in the manner noted below:

Randolph L. Howard, Esq.                     **VIA U.S. MAIL**
Kolesar & Leatham                            **AND EMAIL**
400 S. Rampart Blvd., Suite 400
Las Vegas, Nevada 89145
*Attorney for Defendant Jorei Enterprises, LLC*

William M. O'Mara, Esq.                      **VIA U.S. MAIL**
David C. O'Mara, Esq.                        **AND EMAIL**
The O'Mara Law Firm
311 East Liberty Street
Reno, Nevada 89501
*Attorneys for Intervenor Lakeview Golf Association, Inc.*

Ashland Capital, LLC                         **VIA U.S. MAIL**
c/o James Scott
1500 W. El Camino, Suite 211
Sacramento, California 95833

Ashland Capital, LLC                         **VIA U.S. MAIL**
c/o Susan Trimboli, Resident Agent
8290 W Sahara Avenue, Suite 186
Las Vegas, Nevada 89117

Timothy Post, Esq.                           **VIA U.S. MAIL**
736 S. Center Street                         **AND EMAIL**
Reno, Nevada 89501

*Attorney for James Scott and*
*Caldera P & G*



Jeanette Sparks

# EXHIBIT 8

# EXHIBIT 8

1

2

3            FILED

4            2012 SEP 19 P 1:43

5            SANDRA ANGELONE
             NYE COUNTY CLERK
             BY DEPUTY

6            IN THE FIFTH JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA

7                        IN AND FOR THE COUNTY OF NYE

8    Utilities Incorporated of Central Nevada, a    Case No. CV 27399
     Nevada Corporation,
9                                                   Dept No. 1
                         Plaintiff,
10
           vs.
11                                                  **ORDER NO. 3 HOLDING JAMES SCOTT (A/K/A
     Willow Creek Holdings, LLC, a Nevada           JIM SCOTT), ASHLAND CAPITAL, LLC, AND
     Limited Liability Company; Aram Maissian,      CALDERA P & G IN CONTEMPT OF COURT;
12   Inc., a Nevada Corporation; Jorei Enterprises, AND JUDGMENT**
     LLC, a California Limited Liability Company;
13   and Ashland Capital, LLC, a Nevada limited
     liability company,
14
                         Defendants.
15
     Utilities Inc. of Central Nevada, a Nevada     Consolidated Case: CV 28780
16   Corporation,

17                       Plaintiff,

18         vs.

19   Ashland Capital, LLC, a Nevada Limited
     Liability Company; Jorei Enterprises, LLC, a
20   California Limited Liability Company; and
     Mosier & Company, Inc., in its official
21   capacity as Permanent Receiver of PEMGroup
     and its subsidiaries and affiliates,
22
                         Defendants.
23
     and
24
     Lakeview Golf Association, Inc., a Nevada
25   Limited Liability Corporation,

26                       Plaintiff,

27         vs.

28

LIONEL SAWYER
& COLLINS
ATTORNEYS AT LAW
1100 BANK OF AMERICA PLAZA
50 WEST LIBERTY ST.
RENO,
NEVADA 89501
(775) 788-8666

1  Ashland Capital, LLC, a Nevada Limited
   Liability Company,
2
                                    Defendant.
3

4  **ORDER NO. 3 HOLDING JAMES SCOTT (A/K/A JIM SCOTT), ASHLAND CAPITAL,
   LLC, AND CALDERA P & G IN CONTEMPT OF COURT; AND JUDGMENT**

5
         On March 30, 2012, this Court found JAMES SCOTT (A/K/A JIM SCOTT), ASHLAND
6
   CAPITAL, LLC, AND CALDERA P & G IN CONTEMPT OF COURT and subsequently issued a
7
   written Order and Judgment to that effect ("Contempt Order No. 1"). Contempt Order No. 1
8
   stated that Defendant Ashland Capital, LLC ("Ashland"), James Scott ("Scott"), and Caldera P &
9
   G ("Caldera") were directed to make all improvements necessary to bring the Willow Creek Golf
10
   Course into compliance with state and local requirements, including completion of the
11
   remediation and other requirements NDEP described in the December 22, 2009 letter from the
12
   Nevada Department of Environmental Protection to the then-owner of the Willow Creek Golf
13
   Course, Jorei Enterprises, LLC. In addition, Mr. Scott, Ashland and Caldera were to complete
14
   any remediation of the Willow Creek Golf Course ponds necessary to avoid continuing organic
15
   contamination of the effluent stored in those ponds. Such improvements were to be completed
16
   no later than Monday, July 2, 2012.
17
         On August 2, 2012, this Court again found JAMES SCOTT (A/K/A JIM SCOTT), ASHLAND
18
   CAPITAL, LLC, AND CALDERA P & G IN CONTEMPT OF COURT and subsequently issued a
19
   written Order and Judgment to that effect ("Contempt Order No. 2"). Contempt Order No. 2
20
   stated Scott, Ashland and Caldera are directed to make all improvements necessary to bring the
21
   Willow Creek Golf Course into compliance with state and local requirements, including
22
   completion of the remediation and other requirements NDEP described in its letter regarding the
23
   Willow Creek Golf Course ponds on December 22, 2009 and thereafter including NDEP's
24
   Finding of Alleged Violation. Scott and Caldera were ordered to, *inter alia*:
25
         1.    provide biweekly reports to this Court and all parties on their progress in working
26
               on remediation of the Willow Creek Golf Course ponds;
27
         2.    coordinate such remediation efforts with NDEP, UICN and Lakeview to ensure
28

LIONEL SAWYER
& COLLINS
ATTORNEYS AT LAW
50 BANK OF AMERICA PLAZA
50 WEST LIBERTY ST.
RENO,
NEVADA 89501
(775) 788-8666

2

1    that actions taken do not interfere with UICN's operation of Waste Water

2    Treatment Plant 3 or Lakeview's continuing receipt of up to 425,000 gallons of

3    effluent per day at Lakeview's discretion; and

4    3.    submit all plans for remediation to NDEP for review and approval prior to

5    construction.    Caldera and Scott were ordered to submit evidence of such

6    submission to NDEP to this Court and all parties in the biweekly reports including

7    any response from NDEP to such submissions.

8    A hearing was set for September 6, 2012 to review Caldera and Scott's compliance with

9    this Court's Contempt Orders. Laura Granier appeared on behalf of UICN.  David O'Mara

10   appeared on behalf of Lakeview Golf Association, Inc. ("Lakeview"). Timothy Post appeared on

11   behalf of Scott and Caldera.  No attorney appeared on behalf of Ashland; however, Mr. Scott

12   testified to having been in control of Ashland and Caldera during all times relevant to this matter.

13   The Court finds as follows:

14   A.    The Court's findings in Contempt Order No. 1 issued following the March 30,

15   2012 hearing are incorporated herein.

16   B.    The Court's findings in Contempt Order No. 2 issued following the August 2,

17

18   2012 hearing are incorporated herein.

19   C.    The Court finds the testimony presented by Wendy Barnett, Regional Director for

20   Utilities, Inc., on September 6, 2012 credible and convincing.  The Court further finds Caldera,

21   Scott, and Ashland in contempt for having violated this Court's rulings on March 30, 2012 and

22   August 2, 2012, and the Contempt Orders.  Although Mr. Scott has taken some action to begin

23   compliance with those orders, he and his entities have failed to fully comply with this Court's

24   orders.  For example, Mr. Scott and his entities have failed to cooperate with UICN and

25   Lakeview as required by the Court's orders.  Nor has Mr. Scott or his entities put up the required

26   signs at the ponds.  Based on the evidence presented the Court finds that the ponds at the Willow

27   Creek Golf Course have not been remediated as required by the Nevada Division of

28

LIONEL SAWYER
& COLLINS
ATTORNEYS AT LAW
00 BANK OF AMERICA PLAZA
50 WEST LIBERTY ST.
RENO,
NEVADA 89501
(775) 788-8666

1   Environmental Protection ("NDEP") and this Court's prior orders. The Court finds that Mr.

2   Scott's and his entities' failure to remediate the ponds leaves them in a continuing condition that

3   presents a clear and present danger to the community and those in and about the ponds and the

4   golf courses. Defendants' refusal to comply with the Court's order continues to present a health

5   risk to the community.

6

7   **NOW, THEREFORE, AND FOR GOOD CAUSE APPEARING IT IS HEREBY**

8   **ORDERED**:

9   1.      Scott, Ashland and Caldera are all in contempt of court for failure to obey the

10   Court's Contempt Order and, pursuant to NRS 22.100, each are hereby fined $500.

11   2.      Pursuant to NRS 22.100, Scott, Ashland and Caldera are directed to make all

12   improvements necessary to bring the Willow Creek Golf Course into compliance with state and

13   local requirements, including completion of the remediation and other requirements NDEP

14   described in its letter regarding the Willow Creek Golf Course ponds on December 22, 2009 and

15   thereafter including NDEP's Finding of Alleged Violation. Scott, Ashland and Caldera shall

16   complete all remediation to the Willow Creek Golf Course ponds necessary to avoid continuing

17   organic contamination of the effluent stored therein.

18   3.      Pursuant to NRS 22.100 Mr. Scott individually and his entities Ashland and

19   Caldera shall be liable to ensure full payment to UICN and Lakeview of all fees and costs and

20   other damages incurred by UICN and Lakeview respectively as a result of Scott, Ashland and

21   Caldera's continuing refusal to comply with this Court's orders.

22   4.      UICN and Lakeview shall submit evidence to this Court of the amount of fees and

23   costs incurred as a result of Caldera and Scott's refusal to comply with this Court's Contempt

24   Order and Scott individually and his entities, Caldera and Ashland shall be responsible for

25   payment of awarded damages within ten days of receipt of the declaration of fees and costs from

26

27

28

LIONEL SAWYER
& COLLINS
ATTORNEYS AT LAW
00 BANK OF AMERICA PLAZA
50 WEST LIBERTY ST.
RENO,
NEVADA 89501
(775) 788-8666

4

1    each of the respective parties.

2        5.    Caldera and Scott are hereby ordered to continue providing biweekly reports to

3    this Court and all parties on their progress in working on remediation of the Willow Creek Golf

4    Course ponds.

5        6.    Scott and Caldera shall coordinate such remediation efforts with NDEP, UICN

6    and Lakeview to ensure that actions taken do not interfere with UICN's operation of Waste

7    Water Treatment Plant 3 or Lakeview's continuing receipt of up to 425,000 gallons of effluent

8    per day at Lakeview's discretion.  Mr. Scott and his entities shall allow UICN and Lakeview to

9    inspect construction to the ponds as it begins and goes forward until completion and provide all

10   plans and information about the construction and any contractors to UICN and Lakeview as

11   planning goes forward.

12       7.    Within one week of receiving any required approval from NDEP for the

13   remediation plan or notification that no formal approval is required, Caldera and Scott are

14   ordered to hire a contractor to complete the work and provide a copy of the contract to the Court

15   and all parties.  The construction contract for remediation of the ponds shall include a time line

16   for the remediation ordered by this Court including delivery time for parts and any necessary

17   permits for construction.

18       8.    A hearing is hereby set for one day on October 30, 2012 in Reno unless the

19   parties advise the Court that Mr. Scott is in compliance with this Court's orders and no hearing is

20   necessary OR UICN and/or Lakeview advises the Court that there has been substantial

21   noncompliance with this Court's orders.  If the Plaintiff will be requesting that Mr. Scott be

22   jailed for substantial non-compliance, the hearing in Reno shall be vacated and the hearing will

23   be held on November 7, 2012 in Pahrump, Nye County Nevada.  The Plaintiff shall notify the

24   Court and parties if it will be seeking a jail sanction by October 23, 2012.  At such hearing the

LIONEL SAWYER
& COLLINS
ATTORNEYS AT LAW
00 BANK OF AMERICA PLAZA
50 WEST LIBERTY ST.
RENO,
NEVADA 89501
(775) 788-9666

5

1  Court will review Caldera and Scott's compliance with this Court's order and if evidence is not

2  presented that satisfies the Court of Caldera and Scott's compliance with the Court's order the

3  Court shall further sanction Mr. Scott and his entities including possible jail time.

4

5        SO ORDERED this _____ day of _____, 2012.

6                                              BY THE COURT:

7

8                                              _____

9                                              The Honorable Robert Rose
                                               District Court Judge
10

11  Respectfully submitted by:

12

13  Laura K. Granier, Esq., SBN 7357
    Courtney Miller O'Mara, Esq., SBN 10683
14  LIONEL SAWYER & COLLINS
    50 W. Liberty St., Suite 1100
15  Reno, NV 89501
    Telephone: (775) 788-8666
16  Facsimile: (775) 788-8682
    Email: lgranier@lionelsawyer.com
17         comara@lionelsawyer.com

18

19

20

21

22

23

24

25

26

27

28

LIONEL SAWYER
& COLLINS
ATTORNEYS AT LAW
00 BANK OF AMERICA PLAZA
50 WEST LIBERTY ST.
RENO,
NEVADA 89501
(775) 788-8666

6

1   Court will review Caldera and Scott's compliance with this Court's order and if evidence is not

2   presented that satisfies the Court of Caldera and Scott's compliance with the Court's order the

3   Court shall further sanction Mr. Scott and his entities including possible jail time.

4

5   SO ORDERED this 17th day of September, 2012.

6

7                                          BY THE COURT:

8

9                                          The Honorable Robert Rose
                                           District Court Judge
10

11  Respectfully submitted by:

12

13  Laura K. Granier, Esq., SBN 7357
    Courtney Miller O'Mara, Esq., SBN 10683
14  LIONEL SAWYER & COLLINS
    50 W. Liberty St., Suite 1100
15  Reno, NV 89501
    Telephone: (775) 788-8666
16  Facsimile: (775) 788-8682
17  Email: lgranier@lionelsawyer.com
           comara@lionelsawyer.com
18

19

20

21

22

23

24

25

26

27

28

LIONEL SAWYER
& COLLINS
ATTORNEYS AT LAW
00 BANK OF AMERICA PLAZA
50 WEST LIBERTY ST.
RENO,
NEVADA 89501
(775) 788-8666                                          6

## CERTIFICATE OF SERVICE

Pursuant to N.R.C.P. 5(b), I certify that I am an employee of Lionel Sawyer & Collins and not a party to, nor interested in, the within action; that on September 18, 2012, a true and correct copy of the foregoing document was enclosed in a sealed envelope and served to the following in the manner noted below:

Randolph L. Howard, Esq.                      **VIA U.S. MAIL**
Kolesar & Leatham                              **AND EMAIL**
400 S. Rampart Blvd., Suite 400
Las Vegas, Nevada 89145
*Attorney for Defendant Jorei Enterprises, LLC*

William M. O'Mara, Esq.                        **VIA U.S. MAIL**
David C. O'Mara, Esq.                          **AND EMAIL**
The O'Mara Law Firm
311 East Liberty Street
Reno, Nevada 89501
*Attorneys for Intervenor Lakeview Golf Association, Inc.*

Ashland Capital, LLC                           **VIA U.S. MAIL**
c/o James Scott
1500 W. El Camino, Suite 211
Sacramento, California 95833

Ashland Capital, LLC                           **VIA U.S. MAIL**
c/o Susan Trimboli, Resident Agent
8290 W Sahara Avenue, Suite 186
Las Vegas, Nevada 89117

Timothy Post, Esq.                             **VIA U.S. MAIL**
736 S. Center Street                           **AND EMAIL**
Reno, Nevada 89501

*Attorney for James Scott and*
*Caldera P & G*


                                        Jeanette Sparks

# EXHIBIT 9

# EXHIBIT 9

1

2

3

4

5

FILED

FIFTH JUDICIAL DISTRICT

NOV 07 2012

Nye County Clerk

Deputy

6          IN THE FIFTH JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA

7                      IN AND FOR THE COUNTY OF NYE

8    Utilities Incorporated of Central Nevada, a          Case No. CV 27399
     Nevada Corporation,
9                                                          Dept No. 1
                              Plaintiff,
10         vs.
                                                          **ORDER NO. 4 HOLDING JAMES SCOTT (A/K/A
11   Willow Creek Holdings, LLC, a Nevada                 JIM SCOTT), AND ASHLAND CAPITAL, LLC,
     Limited Liability Company; Aram Maissian,           IN CONTEMPT OF COURT; AND JUDGMENT**
12   Inc., a Nevada Corporation; Jorei Enterprises,
     LLC, a California Limited Liability Company;
13   and Ashland Capital, LLC, a Nevada limited
     liability company,
14
15                            Defendants.

16   Utilities Inc. of Central Nevada, a Nevada          Consolidated Case: CV 28780
     Corporation,
17
                              Plaintiff,
18         vs.

19   Ashland Capital, LLC, a Nevada Limited
     Liability Company; Jorei Enterprises, LLC, a
20   California Limited Liability Company; and
     Mosier & Company, Inc., in its official
21   capacity as Permanent Receiver of PEMGroup
     and its subsidiaries and affiliates,
22
                              Defendants.
23
     and
24
     Lakeview Golf Association, Inc., a Nevada
25   Limited Liability Corporation,

26                            Plaintiff,

27         vs.

28

LIONEL SAWYER
& COLLINS
ATTORNEYS AT LAW
1100 BANK OF AMERICA PLAZA
50 WEST LIBERTY ST.
RENO,
NEVADA 89501
(775) 788-8666

1  Ashland Capital, LLC, a Nevada Limited
2  Liability Company,

                              Defendant.
3

4  **ORDER NO. 4 HOLDING JAMES SCOTT (A/K/A JIM SCOTT), AND ASHLAND**
   **CAPITAL, LLC IN CONTEMPT OF COURT; AND JUDGMENT**
5
                     **HISTORY OF CONTEMPT PROCEEDINGS**
6
7          On March 30, 2012, this Court found JAMES SCOTT (A/K/A JIM SCOTT), AND ASHLAND

8  CAPITAL, LLC IN CONTEMPT OF COURT and subsequently issued a written Order and Judgment

9  to that effect ("Contempt Order No. 1"). Contempt Order No. 1 stated that Defendant Ashland

10 Capital, LLC ("Ashland"), and James Scott ("Scott") were directed to make all improvements

11 necessary to bring the Willow Creek Golf Course into compliance with state and local

12 requirements, including completion of the remediation and other requirements NDEP described

13 in the December 22, 2009 letter from the Nevada Department of Environmental Protection to the

14 then-owner of the Willow Creek Golf Course, Jorei Enterprises, LLC. In addition, Mr. Scott,

15 Ashland and Caldera were to complete any remediation of the Willow Creek Golf Course ponds

16 necessary to avoid continuing organic contamination of the effluent stored in those ponds. Such

17 improvements were to be completed no later than Monday, July 2, 2012.

18         On August 2, 2012, this Court again found JAMES SCOTT (A/K/A JIM SCOTT), ASHLAND

19 CAPITAL, LLC, AND CALDERA P & G IN CONTEMPT OF COURT and subsequently issued a

20 written Order and Judgment to that effect ("Contempt Order No. 2"). Contempt Order No. 2

21 stated Scott, Ashland and Caldera are directed to make all improvements necessary to bring the

22 Willow Creek Golf Course into compliance with state and local requirements, including

23 completion of the remediation and other requirements NDEP described in its letter regarding the

24 Willow Creek Golf Course ponds on December 22, 2009 and thereafter including NDEP's

25 Finding of Alleged Violation. Scott and Caldera were ordered to, *inter alia*:

26         1.      provide biweekly reports to this Court and all parties on their progress in working

27                 on remediation of the Willow Creek Golf Course ponds;

28         2.      coordinate such remediation efforts with NDEP, UICN and Lakeview to ensure

LIONEL SAWYER
& COLLINS
ATTORNEYS AT LAW
100 BANK OF AMERICA PLAZA
50 WEST LIBERTY ST.
RENO,
NEVADA 89501
(775) 788-8666

2

1        that actions taken do not interfere with UICN's operation of Waste Water

2        Treatment Plant 3 or Lakeview's continuing receipt of up to 425,000 gallons of

3        effluent per day at Lakeview's discretion; and

4    3.    submit all plans for remediation to NDEP for review and approval prior to

5        construction. Caldera and Scott were ordered to submit evidence of such

6        submission to NDEP to this Court and all parties in the biweekly reports including

7        any response from NDEP to such submissions.

8        On September 6, 2012, this Court again found JAMES SCOTT (A/K/A JIM SCOTT),

9  ASHLAND CAPITAL, LLC, AND CALDERA P & G IN CONTEMPT OF COURT and subsequently

10  issued a written Order and Judgment to that effect ("Contempt Order No. 3"). Contempt Order

11  No. 3 stated Scott, Ashland and Caldera are directed to make all improvements necessary to

12  bring the Willow Creek Golf Course into compliance with state and local requirements,

13  including completion of the remediation and other requirements NDEP described in its letter

14  regarding the Willow Creek Golf Course ponds on December 22, 2009 and thereafter including

15  NDEP's Finding of Alleged Violation. Scott and Caldera were ordered to, *inter alia*:

16    1.    Ensure full payment to UICN and Lakeview of all fees and costs and other

17        damages incurred by UICN and Lakeview as a result of Scott, Ashland and

18        Caldera's continuing refusal to comply with this Court's orders. Scott, Ashland

19        and Caldera were found to be responsible for payment of awarded damages (the

20        fees and costs incurred by UICN and Lakeview as a result of Caldera and Scott's

21        refusal to comply with this Court's Contempt Order, as evidenced by their

22        submission of a declaration of fees and costs) within ten days of receipt of a

23        declaration of fees and costs from UICN and/or Lakeview.

24    2.    Continue providing biweekly reports to this Court and all parties on their progress

25        in working on remediation of the Willow Creek Golf Course ponds.

26    3.    Coordinate such remediation efforts with NDEP, UICN and Lakeview to ensure

27        that actions taken do not interfere with UICN's operation of Waste Water

28        Treatment Plant 3 or Lakeview's continuing receipt of up to 425,000 gallons of

LIONEL SAWYER
& COLLINS
ATTORNEYS AT LAW
00 BANK OF AMERICA PLAZA
50 WEST LIBERTY ST.
RENO,
NEVADA 89501
(775) 788-8666

3

1    effluent per day at Lakeview's discretion.  Mr. Scott and his entities were ordered

2    to allow UICN and Lakeview to inspect construction to the ponds as it begins and

3    goes forward until completion and provide all plans and information about the

4    construction and any contractors to UICN and Lakeview as planning goes

5    forward.

6    4.  Caldera and Scott were ordered, within one week of receiving any required

7    approval from NDEP for the remediation plan or notification that no formal

8    approval is required, to hire a contractor to complete the work and provide a copy

9    of the contract to the Court and all parties.  The construction contract for

10    remediation of the ponds is to include a time line for the remediation ordered by

11    this Court including delivery time for parts and any necessary permits for

12    construction.

13    5.  Appear for a further hearing, as set by this Court.

14    **CONTEMPT PROCEEDINGS OF NOVEMBER 7, 2012**

15    A hearing was set for November 7, 2012 to review Caldera and Scott's compliance with

16    this Court's Contempt Orders. Laura Granier appeared on behalf of UICN.  Timothy Post

17    appeared on behalf of Scott and Caldera.  No attorney appeared on behalf of Ashland; however,

18    Mr. Scott testified to having been in control of Ashland and Caldera during all times relevant to

19    this matter.  This Court was notified that Caldera P&G filed bankruptcy late last night and,

20    therefore, until this Court is notified the automatic stay has been lifted with respect to Caldera

21    P&G for purposes of this case, this Court will take no action against that entity.  The Court will

22    however proceed against Ashland and Scott.

23    The Court finds as follows:

24    A.    The Court's findings in Contempt Order No. 1 issued following the March 30,

25    2012 hearing are incorporated herein.

26    B.    The Court's findings in Contempt Order No. 2 issued following the August 2,

27    2012 hearing are incorporated herein.

28

LIONEL SAWYER
& COLLINS
ATTORNEYS AT LAW
100 BANK OF AMERICA PLAZA
50 WEST LIBERTY ST.
RENO,
NEVADA 89501
(775) 788-8666

4

C.      The Court's findings in Contempt Order No. 3 issued following the September 6, 2012 hearing are incorporated herein.

D.      The Court finds the testimony presented by Wendy Barnett, Regional Director for Utilities, Inc., on November 7, 2012 credible and convincing.  The Court further finds Scott and Ashland in contempt for having violated this Court's rulings on March 30, 2012 and August 2, 2012, and the Contempt Orders.  Although Mr. Scott has taken some action to begin compliance with those orders, he and his entities have failed to fully comply with this Court's orders.  Based on the evidence presented the Court finds that the ponds at the Willow Creek Golf Course have not been remediated as required by the Nevada Division of Environmental Protection ("NDEP") and this Court's prior orders.  The Court finds that Mr. Scott's and his entities' failure to remediate the ponds leaves them in a continuing condition that presents a clear and present danger to the community and those in and about the ponds and the golf courses.  Defendants' refusal to comply with the Court's order continues to present a health risk to the community. This Court further finds that Mr. Scott and Ashland have disregarded and intentionally refused to comply with the orders of this Court.

**NOW, THEREFORE, AND FOR GOOD CAUSE APPEARING IT IS HEREBY ORDERED:**

1.      Scott and Ashland are in contempt of court for failure to obey the Court's Contempt Order and, pursuant to NRS 22.100, each are hereby fined $500.  Mr. Scott shall be jailed for 21 days, ~~or until he~~ *He is further ordered to* produce all documents requested by UICN for and related to its debtors' examination and provides written satisfactory instructions to UICN and the trustee appointed for Caldera P&G to operate the irrigation system at the Willow Creek Golf Course.

2.      Pursuant to NRS 22.100, Scott is directed to cooperate with the trustee appointed for Caldera P&G and UICN to make all improvements necessary to bring the Willow Creek Golf

LIONEL SAWYER
& COLLINS
ATTORNEYS AT LAW
50 BANK OF AMERICA PLAZA
50 WEST LIBERTY ST.
RENO,
NEVADA 89501
(775) 788-8666

5

Course into compliance with state and local requirements, including completion of the remediation and other requirements NDEP described in its letter regarding the Willow Creek Golf Course ponds on December 22, 2009 and thereafter including NDEP's Finding of Alleged Violation. Scott shall cooperate with the Caldera P&G Trustee and UICN to ensure completion of all remediation to the Willow Creek Golf Course ponds necessary to avoid continuing organic contamination of the effluent stored therein. Mr. Scott shall produce all documents and information to UICN to assist in its collection of all fees and costs awarded to UICN in this case and payment of all fines imposed by this Court.

3.    Pursuant to NRS 22.100 Mr. Scott individually and his entity Ashland shall be liable to ensure full payment to UICN and Lakeview of all fees and costs and other damages incurred by UICN and Lakeview respectively as a result of Scott, and Ashland's continuing refusal to comply with this Court's orders.

4.    UICN and Lakeview shall submit evidence to this Court of the amount of fees and costs incurred as a result of Scott's refusal to comply with this Court's Contempt Order and Scott individually and his entities, and Ashland shall be responsible for payment of awarded damages within ten days of receipt of the declaration of fees and costs from each of the respective parties.

5.    Scott is hereby ordered to continue providing biweekly reports to this Court and all parties on their progress in working on remediation of the Willow Creek Golf Course ponds to the extent he continues to be involved in same.

6.    A hearing is hereby set for one day on _Dec. 20, 2012_ at 9³⁰ Am in Reno unless the parties advise the Court that Mr. Scott is in compliance with this Court's orders and no hearing is necessary OR UICN and/or Lakeview advises the Court that there has been substantial noncompliance with this Court's orders. If the Plaintiff will be requesting that Mr. Scott be jailed for substantial non-compliance, the hearing in Reno shall be vacated and the hearing will

RR

LIONEL SAWYER
& COLLINS
ATTORNEYS AT LAW
100 BANK OF AMERICA PLAZA
50 WEST LIBERTY ST.
RENO,
NEVADA 89501
(775) 788-8666

6

1    be held on ~~Dec. 27, 2012~~ *at 9³⁰ AM* in Pahrump, Nye County Nevada.  The Plaintiff shall notify the

2    Court and parties if it will be seeking a jail sanction by _Dec. 14, 2012_ .  At such hearing the

3    Court will review Caldera and Scott's compliance with this Court's order and if evidence is not

4    presented that satisfies the Court of Scott's compliance with the Court's order the Court shall

5    further sanction Mr. Scott and his entities including possible jail time.

6

7    SO ORDERED this _7ᵗʰ_ day of _November_ , 2012.

8

9    BY THE COURT:

10

11    The Honorable Robert Rose

12    District Court Judge

13

14    Respectfully submitted by:

15

16    Laura K. Granier, Esq., SBN 7357
Courtney Miller O'Mara, Esq., SBN 10683

17    LIONEL SAWYER & COLLINS
50 W. Liberty St., Suite 1100

18    Reno, NV 89501
Telephone: (775) 788-8666

19    Facsimile: (775) 788-8682
Email: lgranier@lionelsawyer.com

20    comara@lionelsawyer.com

21

22

23

24

25

26

27

28

LIONEL SAWYER
& COLLINS
ATTORNEYS AT LAW
0 BANK OF AMERICA PLAZA
50 WEST LIBERTY ST.
RENO,
NEVADA 89501
(775) 788-8666

7