ROBERT E. ATKINSON, ESQ., Bar No. 9958
Email: robert@nv-lawfirm.com
ROBERT E. OPDYKE, ESQ., Bar No. 12841
**KUPPERLIN LAW GROUP, LLC**
8965 S Eastern Ave, Suite 260
Las Vegas, NV 89123
Telephone: (702) 614-0600
Facsimile: (702) 614-0647
*Attorney for Joseph Atkins, Trustee*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEVADA**

In re:

CALDERA P & G,

Debtor.

Case No. 12-22484-led
Chapter 11

**DECLARATION OF JOSEPH ATKINS IN SUPPORT OF SALE OF NPI TO MARION ENERGY INC.**

I, Joseph Atkins, hereby declare as follows:

1. I am over the age of 18 and have personal knowledge of the facts stated herein.

2. I am the appointed trustee in the above-captioned bankruptcy case of CALDERA P & G ("*Debtor*").

3. On October 25, 2013, by and through counsel, I filed a motion requesting approval of the sale of certain assets of the Debtor's bankruptcy estate: 100% of the stock of Sunray Petroleum Inc., a Nevada corporation ("*Sunray*") and a 12.5% net profit interest on the Clear Creek Natural Gas Unit (the "*NPI*").

4. The proposed sale was for a total purchase price of $2,500 for both assets to Mast Petroleum, Inc.

5. The NPI had been scheduled by Debtor with a value of $5,000. See DE #71.

6. My plan was to see if the Trustee for the bankruptcy estate of Sunray was going to market Sunray's assets for liquidation, in which case the Debtor's assets could be marketed in conjunction therewith.

///

-1-

7. It was my intent to abandon the NPI if the Trustee of the Sunray bankruptcy estate did not engage in such marketing because I deemed the NPI to be incapable of liquidation and any significant efforts to market the asset alone would not be worth the low anticipated recovery.

8. At the time of the motion, I believed that the bundled sale offer from Mast Petroleum, Inc. was the highest and best offer the estate would receive for the NPI and exceed my reasonable expectations for liquidation of the NPI.

9. Shortly before the original hearing date, my counsel received an overbid of $3,500 for the NPI from Marion Energy Inc.

10. As noted in the contemporaneously filed Declaration of Marion Energy's Chief Financial Officer, the NPI has *de minimis* value; Marion Energy has made the overbid because it is a natural buyer of the NPI (it holds the working interest in the Clear Creek Natural Gas Unit) and it is willing to pay for the nuisance value of being obligated to continue to spend resources maintaining a net profits account associated with NPI.

11. Accordingly, I believe the value being derived from the proposed overbid sale to Marion Energy is solely derived from Marion Energy's unique relationship with the NPI and not to any intrinsic value thereof.

12. Therefore, I maintain that additional efforts to market the NPI would be futile and would far exceed any value to be received by the estate.

# # # # #

I declare under penalty of perjury that the foregoing is true and correct, to the best of my knowledge, information, and belief.

DATED _____

_____
JOSEPH ATKINS, TRUSTEE